UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CRIMINAL MINUTES – ARRAIGNMENT AND PLEA

Lexington Case No.   20-cr-114-KKC-MAS       At   Lexington        Date  October 29, 2020

USA vs Sierra N. Stewart          x  present    ___ custody   ___ bond   x  OR   Age ___

DOCKET ENTRY: The Court conducted Defendant's initial appearance, arraigned her, and advised her of her constitutional rights, the pending charges, and the possible penalties. United States Probation Office Chad Moss also present. Attorney Benjamin D. Allen was asked to appear on standby, but his services were not needed. The United States does not seek detention.

Pursuant to Rule 5(f), the Court orders and emphasizes the prosecution's disclosure obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. Due process requires that the United States affirmatively disclose to a defendant all favorable evidence within its control, including exculpatory proof impacting a witness's credibility, where the evidence is material either to guilt or to punishment such that its suppression undermines confidence in the proceeding's outcome. The possible consequences of a violation of this disclosure obligation include, without limitation, an adverse jury instruction, dismissal of charges, contempt proceedings, and/or a new trial. Consistent with Rule 5(f), the Court orally confirmed this disclosure obligation on the record and issues this written order outlining the same.

PRESENT:    HON. MATTHEW A. STINNETT, UNITED STATES MAGISTRATE JUDGE

| Samantha Howard | Audio File | none | Andrew T. Boone |
|---|---|---|---|
| Deputy Clerk | Court Reporter | Interpreter | Assistant U.S. Attorney |

Counsel for Defendant    Bradley D. Clark    x  present    x  retained    ___ appointed

I, Samantha Howard, Deputy Clerk, CERTIFY the official record of this proceeding is an audio file KYED-LEX__5-20-cr-114-KKC-MAS_20201029_094131.

PROCEEDINGS:  **INITIAL APPEARANCE AND ARRAIGNMENT**

| | |
|---|---|
| x | Copy of Indictment given to the defendant. |
| x | Defendant states true name is  as stated on the indictment. |
| x | Defendant advised the Court that he/she will retain counsel. |
| | Defendant request that the Court appoint counsel. |
| | Financial Affidavit executed & filed. |
| | Court FINDS defendant qualifies for Court Appointed Counsel under provision of CJA. |
| | Ordered _____ appointed Attorney under the CJA. |
| x | Defendant advised of Constitutional Rights. |
| x | Defendant advised of the nature of charges and possible penalties. |
| x | Defendant waives formal arraignment. |
| x | Defendant waives reading of Indictment - Information.    x  Indictment - Information read. |
| x | Defendant pleads ___ Guilty to Counts _____    x  Not guilty to Counts  ALL |
| | Assigned for **Detention Hearing** on _____ before Magistrate Judge Matthew A. Stinnett |
| x | PRETRIAL MOTIONS are to be filed pursuant to the Court's pretrial order to be entered. |
| x | Assigned for **JURY TRIAL** on  January 4, 2021 at 9:00 a.m.  before Judge Karen K. Caldwell; counsel to be present at 8:30 a.m. |
| x | Number of days expected for trial  3 . |
| x | The Court covered standard collateral consequences and notification rights tied to non-citizen status. |
| x | The United States advised it is fulfilling victim notification duties, as necessary. |
| x | Defendant to remain on bond, conditions of release. |
| | Defendant remanded to custody of the USM. |
| | USPO to circulate Pretrial Services Report (PSR) to counsel. Counsel may retain PSR while detention issues pend but may not copy of disseminate the report to any person (except defense counsel can share content with Defendant). |

Signed By:
Matthew A. Stinnett   MAS
United States Magistrate Judge

Copies:  COR, USP, USM, D, JC        Initials of Deputy Clerk: slh          TIC: /18